**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Kachlic, | No. CV 12-1111-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Bursey & Assoc., P.C.; Barry Bursey; Seidberg Law Offices, P.C.; Joseph L. Whipple; Kenneth Seidberg; John Ingram; Citibank, N.A., | |
| Defendants. | |

Pending before the Court are three motions to dismiss. (Docs. 4, 5, and 13). Doc. 13 was filed by Bursey & Associates, P.C. and Barry Bursey ("Bursey Defendants"). Doc. 4 was filed by Seidberg Law Offices, P.C.; Joseph L. Whipple; Kenneth Seidberg; and John Ingram ("Seidberg Defendants"). Doc. 5 was filed by Citibank.

**I.  Background**

Plaintiff owed a debt to Citibank.[1] Citibank retained the Bursey Defendants to collect this debt. The Bursey Defendants pulled Plaintiff's credit report and sent Plaintiff a letter. Citibank then ended the Bursey Defendants' engagement and retained the Seidberg Defendants to collect this debt.

---

[1] Although Plaintiff may still dispute whether he owed this debt, Citibank bank has won a judgment against Plaintiff for this debt in the state court.

The Seidberg Defendants sent two letters to Plaintiff and pulled Plaintiff's credit report. Thereafter, Plaintiff requested validation of the debt. The Seidberg Defendant provided Plaintiff certain information, including an affidavit of Marianne Davis, in response to Plaintiff's request. The Seidberg Defendants then filed a civil collection action in state court and ultimately prevailed in that litigation by summary judgment. Judgment was entered in favor of Citibank and against Plaintiff (and his spouse) in the amount of $ 6,139.58.[2]

Plaintiff then filed the case currently pending before this Court. In his complaint Plaintiff alleges six causes of action: 1) violations of the Fair Debt Collection Practices Act; 2) violations of the Fair Credit Reporting Act; 3) Invasion of Privacy; 4) Negligent Hiring and Supervision; 5) Negligent conduct; and 6) Intentional Infliction of Emotional Distress.

## II.   Legal Standard Governing Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory, or 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the

---

[2] Although Defendants all claim to be moving under Rule 12(b)(6), the Seidberg Defendants attached evidence to their motion, including the state court judgment. Generally, under Rule 12(d), if a party attaches evidence to a Rule 12(b)(6) motion, this Court must give notice and convert the motion to a Rule 56 motion. However, the Seidberg Defendants attached this evidence in the context of making an argument based on res judicata. Res judicata is generally jurisdictional. *See Lande v. Billings Hospitality, Inc.*, 2008 WL 4180002, *1 (D. Mont. 2008). Thus, although the Seidberg Defendants call their motion a 12(b)(6) motion, at least part of the motion is made under 12(b)(1). The Court may take evidence on a 12(b)(1) motion without converting the motion to a Rule 56 motion. *See U.S. v. Oregon*, 2011 WL 2531208, *2, *5 (D. Or. 2011). Therefore, the Court has not converted the motion.

Citibank also attached the state court judgment in the context of making a *Rooker-Feldman* argument. Because *Rooker-Feldman* is jurisdictional, the Court also did not convert this motion to a Rule 56 motion. *See Normandeau v. City of Phoenix*, 2012 WL 621730, *2, n. 2 (D. Ariz. 2012).

1 defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**A.   Citibank**

Citibank moved to dismiss based in part on the *Rooker-Feldman* doctrine. Alternatively, Citibank moved to dismiss arguing that Plaintiff's sole theory of relief against Citibank — respondeat superior over the lawyers Citibank engaged to collect the debt — fails to state a claim.

First, with respect to *Rooker-Feldman*, this Court does not have jurisdiction to hear claims that are, in effect, appeals of cases decided by state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462

- 3 -

1   (1983).[3] Generally, this Court agrees with Citibank that Plaintiff may not relitigate in this court the issues that were decided by the state court; namely that: 1) the debt at issue was valid; and 2) Plaintiff owes the debt. However, the Court also generally agrees with Plaintiff that to the extent his claims are not based on the validity of the debt, but instead on Defendants' collection practices, those theories would not be barred by *Rooker-Feldman*.

However, an issue arises in this case because while the title of Plaintiff's claims do not appear to be barred by *Rooker-Feldman*, it is unclear what some of the facts underlying those claim are. Giving Plaintiff the benefit of liberal construction of his allegations, the Court will deny the motion to dismiss based on *Rooker-Feldman*.

Second, Citibank argues that it cannot be liable under a respondeat superior theory for the actions of its counsel. Plaintiff did not respond to this argument. The Court has reviewed the complaint and cannot find any factual allegations regarding Citibank's actions beyond retaining the other Defendants.

Further, the Court agrees that Citibank would not be liable under a respondeat superior theory for the actions of an independent contractor. *See Wiggs v. City of Phoenix*, 10 P.3d 625, 627 ¶ 7 (Ariz. 2000). Based on the facts in this record, it appears that all counsel were independent contractors, rather than employees. *See Rand v. Financial Services*, 167 P.3d 111, 118 ¶ 23 (Ariz. App. 2007) ("An agent is an independent contractor, rather than an employee, if the employer or principal exercises no control over and had no right to exercise control over how the agent performs its service."). Thus, because there are no specific facts alleged against Citibank, and because Citibank would not be liable under a respondeat superior theory for the actions of any of the other Defendants, Citibank's motion to dismiss will be granted.[4]

---

[3] *See* Fed. R. Civ. Pro. 12(b)(1).

[4] Because the Court will grant Citibank's motion to dismiss, the Court need not reach Citibank's argument that it is not a debt collector for purposes of Counts 1 and 2.

- 4 -

### B.     Bursey Defendants and Seidberg Defendants

The Court will analyze the claims against the remaining Defendants based on the Counts in the complaint.

#### 1.     Count 1

In Count 1 Plaintiff alleges violations of the Fair Debt Collection Practices Act. Plaintiff makes the following allegations:

> ...Defendants engaged in behavior the natural consequence of which was to harass, oppress or abuse Plaintiff in connection with the collection of a debt...
> ...Defendants falsely represented the character, amount or legal status of a debt...
> ...Defendants used false representation or deceptive means to collect or attempt to collect a debt...
> ...Defendants used unfair or unconscionable means to collect or attempt to collect any debt....

Doc. 1 at 8-9 (the Complaint continues with 5 additional, similar allegations).

As quoted above, to state a claim a complaint must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Count 1 of Plaintiff complaint fails for this reason. Plaintiff simply parrots what various sections of the Fair Debt Collection Practices Act forbids. Plaintiff offers no facts to support how Defendants engaged in any of these practices. Further, Plaintiff pleads most of the allegations in the alternative. *See* Doc. 1 at 8 ("Defendants falsely represented the character, amount **or** legal status of a debt") (emphasis added). Plaintiff also does not specify which Defendant allegedly participated in which allegation.[5] As a result, under *Twombly*, these types of allegations fail to state a claim

---

[5] The Court notes that in the opening section of the Complaint, Plaintiff recounts certain facts. However, in Count 1, Plaintiff fails to explain how any of these facts relate to or equate to a violation of the Fair Debt Collection Practices Act. Moreover, the Court has reviewed these facts and on their face none of them appear to be a violation of the Fair Debt Collection Practices Act.

- 5 -

and the motions to dismiss will be granted.[6]

### 2.     Count 2

In Count 2, Plaintiff alleges that Defendants violated the Fair Credit Report Act ("FCRA").

#### i.     Bursey Defendants

Plaintiff claims the Bursey Defendants violated the FCRA by accessing his credit report on August 24, 2011. Doc. 1 at 10. The Bursey Defendants accept this allegation as true, but state that accessing the report is permissible under 15 U.S.C. § 1681b for the purpose of collecting debts. Doc. 13 at 5 (citing 5 U.S.C. § 1681b(a)(3)(A)).

Plaintiff responds and states:

> Plaintiff has no checking, savings, or other "demand deposit" account (with any Defendant) as defined by statute which would possibly give BURSEY lawful authority to access Plaintiff's consumer report, and if the court finds that the Plaintiff does have such an account the Defendant BURSEY must have a general or specific certification to access the Plaintiff's consumer report and Plaintiff demands verified proof of same.

Doc. 29 at 11. Thus, Plaintiff argues he did not have a debt with defendant.

The Bursey Defendants do not attach any evidence to their motion, nor do they argue that *Rooker-Feldman* or res judicata would bar Plaintiff from arguing that he in fact owed the underlying debt. However, "A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants." *Abigninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 743 (9th Cir. 2008) (quoting *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981)).

Here, from Citibank's filings, the Court has already determined in the context of a 12(b)(1) motion, that Plaintiff cannot dispute that he in fact owed the underlying debt.

---

[6] Because the Court finds Plaintiff failed to state a claim, the Court did not reach the Seidberg Defendants' res judicata argument. However, the Court generally agrees, as the Court indicated in the *Rooker-Feldman* discussion above, the any argument Plaintiff makes that calls into question the validity of the underlying debt is barred because that issue has already been decided by the state court.

- 6 -

1  Therefore, Plaintiff cannot survive a 12(b)(6) motion premised on the factual assertion that
2  he did not owe the debt. Accordingly, because 5 U.S.C. § 1681b(a)(3)(A) authorizes a debt
3  collector to access a credit report for debt collection purposes, because it has been decided
4  that Plaintiff owed the debt in question, and because Plaintiff conceded that the Bursey
5  Defendants were agents of Citibank attempting to collect this debt (Doc. 1 at 4, ¶ 23),
6  Plaintiff has failed to state a claim that the Bursey Defendants violated the FCRA by
7  accessing his credit report on August 24, 2011.

### ii. Seidberg Defendants

Plaintiff claims the Seidberg Defendants violated the FCRA by accessing his credit report on December 27, 2011. Like the Bursey Defendants, the Seidberg Defendants cite 15 U.S.C. § 1681b(a)(3)(A) for the proposition that they could order a credit report to collect a debt. Doc. 4 at 9.

Plaintiff responds are argues, "Defendants did not have [*sic*] permissible purpose and did not as a matter of law have *any reason to believe* anything at the time of the credit pulls." Doc. 12 at 6. The Seidberg Defendants reply and argue that the state court judgment proves Plaintiff owed the debt and that 15 U.S.C. § 1681b(a)(3)(A) authorizes accessing credit reports for "review or collection of an account of, the consumer...." Doc. 15 at 4.

The Court finds that because Plaintiff cannot dispute (because of the state court judgment) that he owes the debt, and because Plaintiff does not dispute that the Seidberg Defendants were agents of Citibank (Doc. 1 at 7), the Court finds that Plaintiff fails to state a claim under the FCRA with respect to the Seidberg Defendants accessing his credit report on December 27, 2011. Plaintiff's conclusion in his response that the Seidberg Defendants did not know he owed this debt as of December 27, 2011 is unsupported by any facts and, therefore, does not change this result. Accordingly, the motion to dismiss this claim will be granted.

### 3. Counts 3, 4 and 5

Counts 3, 4, and 5 of the complaint all lack a recognizable legal theory and/or factual allegations supporting such theory. This is the precise kind of conclusory pleading that

- 7 -

*Balistreri* and *Twombly* found inadequate. Accordingly, these Counts will be dismissed as to all Defendants.

### 4. Count 6

In Count 6, Plaintiff claims intentional infliction of emotions distress because the affidavit sent to him by the Seidberg Defendants was "simulated lawful process." Doc. 1 at 14. Plaintiff also claims the Seidberg Defendants filed a lawsuit without "validating" the debt.

First, the Court finds that an affidavit is not "simulated lawful process of a court of the State of Missouri." Accordingly, the Count cannot survive on this factual allegation. Second, even if the debt was not "validated" before the state court action commenced, such action would not be extreme or outrageous conduct sufficient to state a claim for intentional infliction of emotional distress. *See Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987).

As a result, Plaintiff fails to state a claim in Count 6 against the Seidberg Defendants. Further, Plaintiff fails to state a claim in Count 6 against the Bursey Defendants because they are not mentioned at all. Accordingly, both motions to dismiss Count 6 will be granted.

## III. Leave to Amend

In this case, because the 21-day time frame to file an amended complaint following a motion to dismiss has expired, Plaintiff has lost his right to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). However, the Ninth Circuit Court of Appeals has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Here, the Court cannot conclude that Plaintiff's claims could not be cured by an amended pleading, with specific legal theories and factual allegations supporting each of those theories. Therefore, consistent with *Lopez*, this Court will grant leave to amend.

## IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** granting Defendants' Motions to Dismiss (Docs. 4, 5, and 13). Plaintiff may file an amended complaint within 21 days from the date of this Order; if Plaintiff fails to file an amended complaint within this deadline, the Clerk of the Court shall enter judgment, dismissing this case with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for this Court to take Judicial Notice of Facts (Doc. 10) is denied.

DATED this 5th day of September, 2012.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge