WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Kachlic, | No. CV-12-1111-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Bursey & Assoc., P.C.; Barry Bursey; Seidberg Law Offices, P.C.; Joseph L. Whipple; Kenneth Seidberg; John Ingraham; Citibank, N.A., | |
| Defendants. | |

Pending before the Court are three motions to dismiss Plaintiff's First Amended Complaint and one motion for summary disposition. (Docs. 34, 35, 36, and 39). The motions to dismiss were filed by: Bursey & Associates, P.C. and Barry Bursey ("Bursey Defendants"), (Doc. 36); Seidberg Law Offices, P.C., Kenneth W. Seidberg, Joseph L. Whipple, and Jon Ingraham ("Seidberg Defendants"), (Doc. 34); and Citibank, N.A. ("Citibank"), (Doc. 35). The Bursey Defendants filed the motion for summary disposition. (Doc. 39).

**I.   Background**

Plaintiff owed a debt to Citibank. Citibank retained the Bursey Defendants to collect this debt. The Bursey Defendants pulled Plaintiff's credit report and sent Plaintiff a letter. Citibank then ended the Bursey Defendants' engagement and retained the Seidberg Defendants to collect the debt.

The Seidberg Defendants sent two letters to Plaintiff and pulled Plaintiff's credit

report. Plaintiff requested validation of the debt. The Seidberg Defendants provided certain information to Plaintiff in response, including an affidavit of Marianne Davis. The Seidberg Defendants then filed a civil collection action in state court and sent Plaintiff a third letter.[1] The Seidberg Defendants prevailed in the state collection action. Judgment was entered in favor of Citibank against Plaintiff and his spouse in the principal amount of $6,139.58 plus $231.00 in taxable costs.

Plaintiff then filed the case currently pending before this Court. This Court dismissed the original complaint because it failed to state a claim for relief, but granted leave to amend. (Doc. 31). Plaintiff timely filed an Amended Complaint. (Doc. 32). Plaintiff's Amended Complaint alleges four causes of action: (1) violations of the Fair Debt Collection Practices Act (FDCPA); (2) violations of the Fair Credit Reporting Act; (3) Invasion of Privacy; and (4) Negligent, Wanton, and Intentional Conduct.

**II.  Summary Disposition**

The Bursey Defendants filed a Motion for Summary Disposition. (Doc. 39.) In it, the Bursey Defendants argue this Court should grant their Motion to Dismiss pursuant to Local Rule of Civil Procedure 7.2(i). Rule 7.2(i) permits the Court to deem Plaintiff's failure to "serve and file" a response to the Bursey Defendants' Motion to Dismiss as Plaintiff's consent to that Motion. However, Plaintiff timely served a response (Doc. 42) on all parties. (*See* Doc. 39 at 1–2; Doc. 44.) Plaintiff's intent clearly is not to consent to the Bursey Defendants' Motion to Dismiss. Therefore, the Court denies summary disposition.

**III.  Federal Pleading Requirements**

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a 12(b)(6) motion for failure to

---

[1] With the exception of this third letter sent by the Seidberg Defendants, Plaintiff's account of the factual background does not appear to differ from his original complaint.

state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**IV.     Dismissal of the Amended Complaint**

All of the allegations in the Amended Complaint are made against the Seidberg Defendants. Some allegations are additionally alleged against the Bursey Defendants and Citibank. The Court will discuss the Seidberg and Bursey Defendants together because of their similar nature (law firms acting as debt collectors) and will discuss Citibank

- 3 -

separately.

## A.     The Underlying Debt

In the Amended Complaint, Plaintiff twice argues that "it must be legally concluded that the debt was never owed by the Plaintiff." (Doc. 32 at 6, 7). But as the Court noted in its Order dismissing the first complaint, Citibank has won a judgment against Plaintiff in state court for the underlying debt. (Doc. 31 at 1 n.1). Thus, a state court has already "legally concluded" that the debt *is* owed by Plaintiff. This Court "has no authority to review the final determinations of a state court in judicial proceedings." *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986).

In his responses to the Defendants' motions to dismiss, Plaintiff asks this Court to disregard the state judgment. (Doc. 40 at 6; Doc. 41 at 5; Doc. 42 at 7). This the Court cannot do. "Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Under the *Rooker-Feldman* doctrine, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). In its Motion to Dismiss, Citibank argues that this Court is without subject matter jurisdiction.[2] Citibank was entitled to attach and rely upon a copy of the state court judgment in making this argument. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). To the extent Plaintiff asks this Court to find he does not owe a debt to Citibank, the state court judgment deprives this Court of subject matter jurisdiction to hear such a claim. Accordingly, any such claim by Plaintiff is dismissed as to all Defendants.

---

[2] Although Citibank calls its motion a Rule 12(b)(6) motion, the *Rooker-Feldman* portion of its argument challenges this Court's jurisdiction under Rule 12(b)(1). (*See also* Doc. 31 at 2 n.2) (explaining the state judgment is properly before the Court due to the Seidberg Defendants' motion to dismiss the original complaint on *res judicata* grounds).

### B.     The Seidberg and Bursey Defendants

All four counts are alleged against the Seidberg and Bursey Defendants. The allegations are addressed below in the order they appear in the Amended Complaint.

#### 1.     Count 1: Fair Debt Collection Practices Act

**Section 1692e(2)(A)**. The Amended Complaint alleges the Seidberg and Bursey Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or status of a debt in letters they sent Plaintiff. As to how the Defendants violated § 1692e(2)(A), Plaintiff is no more specific than stating that the letters falsely represented the "Real party of interest." (Doc. 32 at 8.) This is a mere "formulaic recitation of the elements of a cause of action," and is insufficient to state a claim for relief. *Twombly*, 550 U.S. at 555.[3]

**Section 1692e(11)**. Plaintiff alleges the Seidberg Defendants violated 15 U.S.C. § 1692e(11) by sending Plaintiff a letter on February 24, 2012, that failed to disclose the communication was from a debt collector and that it was an attempt to collect a debt. (Doc. 32 at 8–9.) According to the Amended Complaint, this was the third letter from the Seidberg Defendants attempting to collect the debt. (*Id.* at 7.) The Seidberg Defendants' initial communication with Plaintiff was a letter sent December 14, 2011. (*Id.* at 6.) Under § 1692e(11), only "the initial written communication" is required to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." Subsequent communications, like the February 24 letter, need only identify "that the communication is from a debt collector." *Id.* Although Plaintiff

---

[3] Plaintiff did not address how the Seidberg Defendants violated § 1692e(2)(A) in his Response to the Seidberg Defendants' Motion to Dismiss, but he did refer to and attach a copy of the Seidberg Defendants' letter, dated February 24, 2012. (Doc. 40 at Ex. 10.) The Court may consider this document because: (1) the complaint refers to it; (2) it is central to Plaintiff's claim; and (3) no party disputes its authenticity. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The Court notes that the letter represents Plaintiff owed a debt of $6370.58 to Citibank, N.A., and that the state judgment awarded $6370.58 ($6139.58 in principal plus $231.00 in costs) to Citibank, N.A. (Doc. 35-1 at 3.)
 Similarly, Plaintiff attached a copy of the Bursey Defendants' letter, dated August 24, 2011, to his Response to the Bursey Defendants' Motion to Dismiss the original complaint. (Doc. 22 at 11.) The Bursey letter represents that Plaintiff owed a debt of $6139.58, the exact amount of the principal awarded to Citibank in the state court.

- 5 -

did not identify in the Amended Complaint what language *was* used in the letter, he attached a copy of the letter to his Response to the Seidberg Defendants' Motion to Dismiss. The letter plainly states the Seidberg Defendants' were "acting as a debt collector." (Doc. 40 at Ex. 10.) Thus, Plaintiff's factual allegations are unsupported by the evidence Plaintiff has put before the Court. Accordingly, this claim will be dismissed because Plaintiff has failed to state a claim based on the evidence of record. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

**Section 1692e(9)**. Plaintiff alleges the Seidberg Defendants' "mailing of the Affidavit of Marianne Davis was a false and misleading representation in violation of [15 U.S.C. § 1692e(9)] in that it simulated lawful process of a court of the State of Missouri, creating a false impression as to its authorization to the PLAINTIFF." (Doc. 32 at 9.) Section 1692e(9) prohibits the "use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court . . . of the United States or any State." This Court has already found that, as a general matter, an affidavit is not "simulated lawful process." (Doc. 31 at 8.) However, Plaintiff alleges this particular affidavit "appeared on the [sic] face to the PLAINTIFF that it was a law suit [sic] filed in Missouri." (Doc. 32 at 9.) The Seidberg Defendants do not address this allegation in their Motion to Dismiss, instead characterizing the Amended Complaint's FDCPA allegations as "*identical* to those asserted" in the original Complaint. (Doc. 34 at 5.)[4]

For Plaintiff to state a claim under § 1692e(9), he must allege that "the least sophisticated debtor would likely be misled" by this affidavit. *Evon v. Law Offices of*

---

[4] In their Motion to Dismiss, the Seidberg Defendants enumerate five "new FDCPA allegations" that are not identical to the original Complaint, and argue that these "new" allegations are insufficient to state a claim. These five allegations are not repeated here because the Court agrees none of them state a claim. However, the factual allegation that the affidavit had the facial appearance of a lawsuit was not one of the five "new" allegations the Seidberg Defendants addressed.

- 6 -

*Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012); *see also Zimmerman v. Portfolio Recovery Associates, LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011). Here, Plaintiff's allegation that the affidavit's facial appearance simulated lawful process of a Missouri state court is sufficient to state a claim.[5] Accordingly, the Seidberg Defendants' motion to dismiss this claim will be denied.

**Section 1692f(1)**. The Amended Complaint's next allegation accuses all defendants of violating 15 U.S.C. § 1692f(1) by "attempt[ing] to collect an amount that was not . . . permitted by law." (Doc. 32 at 9.) However, as discussed above, the state court judgment establishes that the debt was valid and its collection was permitted by law. This Court lacks jurisdiction to decide otherwise.

**Section 1692g(b)**. With respect to the Seidberg Defendants, the Amended Complaint next alleges a violation of 15 U.S.C. § 1692g(b). Under § 1692g(a), a consumer may dispute and request verification of a debt from a debt collector within thirty days of receiving an initial communication. If the consumer requests such verification, § 1692g(b) requires the debt collector to "cease collection of the debt . . . until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." Here, the Seidberg Defendants sent Plaintiff an initial communication on December 14, 2011. (Doc. 32 at 6.) Plaintiff requested verification from the Seidberg Defendants on January 3, 2012. (*Id.*) The Seidberg Defendants sent Plaintiff an affidavit verifying the debt on January 5, 2012. (*Id.* at 7.) Instead of "showing" that the Seidberg Defendants violated § 1692g(b), the Amended Complaint seems to show the Seidberg Defendants dutifully adhered to that statute's timing.

However, Plaintiff does take issue with the sufficiency of the Seidberg

---

[5] The Seidberg Defendants attached the affidavit to a prior motion to dismiss. (Doc. 4-1 at 7–11). Because the Amended Complaint refers to the affidavit, it is central to Plaintiff's claim, and no party disputes its authenticity, *see Marder*, 450 F.3d at 448, and additionally because it is central to Plaintiff's § 1692g(b) claim, the Court has reviewed the affidavit. Unlike Plaintiff's claim under § 1692e(11), the evidence offered by Defendants supports Plaintiff's allegation.

- 7 -

Defendants' verification. Plaintiff alleges the affidavit "was not validation of a debt." (Doc. 32 at 7.) Under § 1692g(b), "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1173–74 (9th Cir. 2006). The affidavit plainly confirms, in writing, that "$6,139.58 is due and owing" to Citibank. (Doc. 4-1 at 8.)[6] Accordingly, this claim will be dismissed because Plaintiff has failed to state a claim based on the evidence of record. *See Steckman*, 143 F.3d at 1295–96.

**Section 1692e(10), (13)**. Under 15 U.S.C. § 1692e(10), the "use of any false representation or deceptive means to collect or attempt to collect any debt" from a consumer is prohibited. Section 1692e(13) prohibits the "false representation or implication that documents are legal process." Plaintiff alleges that the affidavit sent by the Seidberg Defendants "appeared on the face" to be a "law suit filed in Missouri." (Doc. 32 at 9.) As discussed above with respect to § 1692e(9), this factual allegation is sufficient to state a claim and is not addressed in the Seidberg Defendants' Motion to Dismiss. Dismissal of the § 1692e(10) and § 1692e(13) allegations against the Seidberg Defendants is denied.

**Failure to Produce a Contract**. The Amended Complaint alleges the Seidberg and Bursey Defendants are in violation of § 1692e(2)(A), (5), (10), and (13) if they do not produce a contract between all Defendants.[7] (Doc. 32 at 9–10.) These subsections of § 1692e prohibit debt collectors from making certain types of misrepresentations in connection with the collection of a debt. Plaintiff does not explain how failure to produce the requested contract results in a violation of the cited subsections of § 1692e, and it is not apparent from the statute how such a violation could occur. Thus, this allegation

---

[6] The affidavit is properly before the Court. *See supra* note 5.

[7] Subsections (2)(A), (10), and (13) of § 1692e are discussed above. Subsection (5) prohibits debt collectors from communicating a "threat to take any action that cannot legally be taken or that is not intended to be taken."

- 8 -

lacks a cognizable legal theory.

### 2. Count 2: Fair Credit Reporting Act

**Failure to Produce a Contract**. As in Count 1, Plaintiff alleges the Seidberg and Bursey Defendants are in violation of 15 U.S.C. § 1681b and § 1681q if they cannot produce a contract between all defendants. (Doc. 32 at 10.) Section 1681b describes the circumstances under which consumer reports may be requested from consumer reporting agencies. Section 1681q prescribes fines and imprisonment for a "person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses." As before, Plaintiff does not explain, and it is not apparent, how the failure to produce a contract between all Defendants results in a violation of these sections. This allegation lacks a cognizable legal theory.

**Unauthorized Consumer Report**. The Amended Complaint alleges the Bursey Defendants violated 15 U.S.C. § 1681b(f) by accessing Plaintiff's Experian credit report, and the Seidberg Defendants violated § 1681b(f) by accessing Plaintiff's TransUnion credit report. (Doc. 32 at 10–11.) Section 1681b(f) provides a "person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." Both the Bursey Defendants and the Seidberg Defendants argue they were authorized by § 1681b(a)(3)(A) to obtain Plaintiff's consumer report. (*See* Doc. 34 at 8–9; Doc. 36 at 5.) That section permits a consumer reporting agency to furnish a consumer report to a person whom the agency has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving . . . collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

The Ninth Circuit has held the use of a consumer report is permissible under § 1681b(a)(3)(A) if two conditions are met: (1) the consumer is "involved" in the credit transaction; and (2) the report is used for "the extension of credit to, or review or collection of an account of, the consumer." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665,

674 (9th Cir. 2010). Here, Plaintiff held a credit account with Citibank and was therefore "involved" as a "participant in the typical transaction where an extension of credit is requested." *Id.* at 675. It is undisputed that the Bursey and Seidberg Defendants requested Plaintiff's consumer report to assist with "collection of an account."[8] Thus, even if Plaintiff's factual allegations are true (i.e., that the Defendants accessed his consumer reports), he has failed to state a claim upon which relief can be granted.

In the same paragraphs, the Amended Complaint also alleges the Bursey and Seidberg Defendants "fail[ed] to obtain a general or specific certification" pursuant to § 1681b(f)(2). (Doc. 32 at 10–11.) Section 1681b(f)(2) requires a person requesting a consumer report to certify to the consumer reporting agency that the request is being made for a permissible purpose. In other words, § 1681b(f)(2) required Defendants to *make a certification to* the consumer reporting agencies—not "obtain a . . . certification" *from* the agencies. This allegation therefore lacks a cognizable legal theory.

### 3. Count 3: Invasion of Privacy

Plaintiff alleges the Seidberg and Bursey Defendants invaded his privacy in violation of Arizona common law. However, Plaintiff makes no factual allegations as to how Defendants invaded his privacy other than referring to the allegations "as described in this Complaint." (Doc. 32 at 12.) Plaintiff has not alleged any illegal or invasive conduct by the Bursey or Seidberg Defendants. Thus, Count 3 fails to allege facts sufficient to state a claim under a cognizable legal theory.

### 4. Count 4: Negligent, Wanton, and Intentional Conduct

The Amended Complaint makes the allegation in Count 4 in one conclusory sentence: "Defendants invaded the privacy of Plaintiff as set forth in Arizona law." (Doc. 32 at 13.) Count 4 fails to state a claim because a complaint requires "more than labels and conclusions." *Twombly*, 550 U.S. at 555.

---

[8] The state court judgment and the affidavit, both properly before the Court, affirmatively establish that Plaintiff was involved in a credit transaction with Citibank and that Defendants' consumer report requests were in connection with "collection of an account."

### C. Citibank

In his Response to Citibank's Motion to Dismiss, Plaintiff admits Counts 2, 3, and 4 are not alleged against Citibank. (Doc. 41 at 10.) In Count 1, the Amended Complaint only mentions Citibank with respect to three allegations, all arising under the FDCPA.[9] Citibank argues the entire Amended Complaint should be dismissed as "inextricably intertwined" with a state court judgment barred by the *Rooker-Feldman* doctrine. (Doc. 35 at 5–6.) Alternatively, Citibank argues Count 1's allegations against Citibank should be dismissed because Citibank is not a "debt collector" within the meaning of the FDCPA, and in any event, Plaintiff has failed to allege Citibank engaged in any conduct in violation of the FDCPA.

The Court has already found the three allegations made against Citibank fail to state a claim against the Bursey Defendants or the Seidberg Defendants. These three allegations are made no differently against Citibank.[10] Because the allegations fail on this basis, the Court declines to address Citibank's arguments that it is not a "debt collector" under the FDCPA and that this entire action is "inextricably intertwined" with the state court action.[11]

The Amended Complaint will be dismissed in its entirety as to Citibank and the

---

[9] The three allegations against Citibank are: (1) Citibank attempted to collect a debt not permitted by law in violation of 15 U.S.C. § 1692f(1); (2) Citibank failed to cease debt collection activities after receiving a request for verification, violating § 1692g(b); and (3) Citibank failed to produce a contract between all defendants. (Doc. 32 at 9–10.)

[10] Although Plaintiff's 15 U.S.C. § 1692g(b) allegation alleges Citibank "never validated the debt," that statute only requires the debt collector to "cease collection of the debt" until verification is provided to the consumer. Even if the FDCPA applies to Citibank, there is no allegation Citibank *ever* independently attempted "collection of the debt." Plaintiff advances no theory of vicarious liability. Even if he had advanced such a theory, the Seidberg Defendants complied with § 1692g(b).

[11] Based on the evidence properly before the Court, Plaintiff's surviving allegation (that the Seidberg Defendants violated 15 U.S.C. § 1692e by mailing a misleading affidavit) does not appear to be "inextricably intertwined" with the state court judgment. The surviving allegation does not allege legal error by the state court, and this Court can adjudicate whether the Seidberg Defendants violated § 1692e without disturbing the state court judgment. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004).

- 11 -

1 Bursey Defendants. All claims in the Amended Complaint will be dismissed as to the
2 Seidberg Defendants with the exception of Plaintiff's allegation that the Seidberg
3 Defendants violated 15 U.S.C. § 1692e by sending Plaintiff an affidavit that appeared to
4 Plaintiff to be a lawsuit filed in Missouri.

**V.     Further Leave to Amend**

This Court *sua sponte* granted Plaintiff leave to amend after dismissing his original Complaint because the Court could not conclude Plaintiff's claims were incurable. (Doc. 31 at 8.) The substantial majority of Plaintiff's Amended Complaint is a re-pleading of the same insufficient facts and legal conclusions. Essentially, Plaintiff was able to sufficiently plead only one claim because of one sentence buried deep in his fifteen-page Amended Complaint. Thus, the Court finds "that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The Court will not grant Plaintiff another opportunity to amend.

**VI.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** denying the Bursey Defendants' Motion for Summary Disposition. (Doc. 39).

**IT IS FURTHER ORDERED** granting Citibank's and the Bursey Defendants' Motions to Dismiss without further leave to amend. (Docs. 35 and 36.) Defendants Bursey & Associates, P.C., Barry Bursey, and Citibank, N.A. are dismissed with prejudice.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 12 -

1   **IT IS FURTHER ORDERED** granting in part and denying in part the Seidberg
2   Defendants' Motion to Dismiss. (Doc. 34.)  All of Plaintiff's claims against the Seidberg
3   Defendants are dismissed with prejudice and without further leave to amend except the
4   claim that the Seidberg Defendants violated 15 U.S.C. § 1692e by mailing an allegedly
5   misleading affidavit.  The Seidberg Defendants shall answer within fourteen days of the
6   date of this order.
7   Dated this 4th day of March, 2013.

James A. Teilborg
Senior United States District Judge